IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK SYLVESTER a/k/a Frank J. :
Sylvester, MILDRED SYLVESTER, :
    Plaintiffs :
     :
  v. : 3:CV-09-1653
     : (JUDGE VANASKIE)
SOUTHWESTERN ENERGY PRODUCTION :
COMPANY :
    Defendant :

MEMORANDUM

At issue on Defendant's Motion to Dismiss in this action removed to this Court from the Court of Common Pleas of Lackawanna County on the basis of diversity of citizenship is whether the untimely tender of payment on a natural gas lease entitles the lessor to declare the lease "null and void." Because the parties' agreement did not include a "time is of the essence" clause, the tender of payment was only a few weeks late, and the payment was made within the lease's 90-day cure period, the question must be answered in the negative. Accordingly, Defendant's Motion to Dismiss will be granted.

I.     BACKGROUND

On December 8, 2007, Plaintiffs and NewPenn Exploration, LLC ("NewPenn") entered

into a ten (10) year natural-gas lease. (Dkt. 1, Tab "B" at 6, ¶ 3.)[1] The lease provided that NewPenn would pay to Plaintiffs $15,665.00 within sixty (60) calendar days of NewPenn's receipt from Plaintiffs of a signed copy of the order of payment. (Id.) Plaintiffs signed and returned the order of payment to NewPenn on December 8, 2007, making the payment due no later than February 6, 2008. (Id.) On February 29, 2008, 23 days after the due date, NewPenn tendered the full payment to Plaintiffs by check. (Id. at ¶ 7.) On March 17, 2008, through their counsel, Plaintiffs returned the check marked as "void" to NewPenn, and requested that NewPenn return the "originally signed document [] so it may be destroyed." (Id. at ¶¶ 8-9.)

The lease included a cure provision:

> 12. Breach or Default. No litigation shall be initiated by Lessor [Plaintiffs] for damages, forfeiture or cancellation with respect to any breach or default by Lessee hereunder, for a period of at least 90 days after Lessor has given Lessee written notice fully describing the breach or default, and then only if Lessee fails to remedy the breach or default within such period . . . .

(Id. at 14, ¶ 12.)

On September 15, 2008, NewPenn assigned its rights in the lease to Defendant Southwestern Energy Production Company ("SEPCO"). (Id. at 6, ¶ 10.) On December 1,

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

2

2008, Plaintiffs brought this action against NewPenn. On August 7, 2009, Plaintiffs filed an amended complaint, changing the identity of the defendant from NewPenn to SEPCO. Plaintiffs seek a declaratory judgment that the lease is unenforceable, (id. at 7, ¶ 18), and to quiet title on Plaintiffs' property. (Id. at 8, ¶ 23.) SEPCO removed the action to this Court on August 26, 2009 (Dkt. 1), and moved to dismiss the amended complaint on September 3, 2009. (Dkt. 4-5.)

II.    DISCUSSION

   A. Standard of Review

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the cause of action." Id.

The Supreme Court recently abrogated its longstanding decision in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new

3

standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As a result of Twombly, plaintiffs are required to nudge their claims "across the line from conceivable to plausible." Id. at 570. To state a claim consistent with the language of Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above a speculative level." Id. As such, courts may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562 (quotation and citation omitted).

B. The Breach of Contract Was Not Material and Timely Cured

"When performance of a duty under a contract is due, any nonperformance is a breach." Restatement (Second) of Contracts § 235(2) (1981). The averments of the amended complaint plainly disclose a breach of contract: tender of the lump sum payment was late. A mere breach of contract, however, does not necessarily discharge the non-breaching party's contractual obligations.

In Pennsylvania, the law is "clear that only [a] material [breach] of [contract] by one party discharges the other [party's duties]. An immaterial failure does not operate as such a discharge." Schlein v. Gross, 142 A.2d 329, 333 (Pa. Super. Ct. 1958) (citing Restatement

4

(First) Of Contracts, § 274). Thus, "the non-breaching party does not have a right to suspend performance [if the breach is not material]." Widmer Engineering, Inc. v. Dufalla, 837 A.2d 459, 468 (Pa. Super. Ct. 2003) (internal quotations omitted).

"Whether a breach is so substantial as to justify an injured party's regarding the whole transaction as at an end is a question of degree . . . ." Id. (internal quotations omitted). The following factors are considered when determining materiality for purposes of breach of contract:

> a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
> b) the extent to which the injured party can be adequately compensated for that part of the benefit of which he will be deprived;
> c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
> d) the likelihood that the party failing to perform or offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
> e) the extent to which the behavior of the party failing to perform or offer to perform comports with standards of good faith and fair dealing.

Id. (internal quotations and citations omitted). In Widmer Engineering, the court applied these factors to find that the seller's failure to pay taxes and amounts owed as adjustments to the contract purchase price for a business did not constituted a material breach so as to discharge the buyer's contractual duties.

In this case, NewPenn's untimely tender of payment did not constitute a material breach of the contract. Plaintiffs reasonably expected to receive $15,665.00, which was tendered

5

approximately three weeks late, yet Plaintiffs deprived themselves of this benefit by returning the check as void. Similarly, Plaintiffs can be adequately compensated by accepting the payment that they are entitled to receive. Indeed, SEPCO remains ready to reissue a check to Plaintiffs. (Dkt. 8, at 3 n.2.) Additionally, although NewPenn attempted to perform its duty to pay Plaintiffs under the lease, NewPenn's interest would be forfeited if the lease were found invalid. See Barraclough v. Atlantic Refining Co., 326 A.2d 477, 439 (Pa. Super. Ct. 1974) ("Equity does not favor a forfeiture and it has been long held that courts should greatly hesitate in enforcing one, especially when the contract has been carried out or its literal fulfillment has been prevented by oversight").

Moreover, NewPenn cured its breach by making a good faith tender of payment to Plaintiffs on February 29, 2008, which would have been well within the 90-day cure period had Plaintiffs given notice with an opportunity to cure. The fact that the lease contained a 90-day cure period also indicates that Plaintiffs' reasonable expectation was that a failure of payment could be cured within 90 days of the default. This expectation was met in this case.

It is also significant that the lease did not include a "time is of the essence" provision. "[W]here time is not of the essence, the mere failure to perform on the date mentioned in a contract is not per se a breach which wholly destroys the contract." Gorzelsky v. Leckey, 586 A.2d 952, 956 (Pa. Super. Ct. 1991), appeal denied, 598 A.2d 284 (Pa. 1991) (quoting Bogojavlensky v. Logan, 124 A.2d 412, 416 (Pa. Super. Ct. 1956)). Thus, it has been

6

recognized that "a brief delay in performance does not constitute an actionable breach of contract." Singh v. Wal-Mart Stores, Inc., No. Civ.A. 98-1613, 1999 WL 374184, at *9 (E.D. Pa. June 10, 1999), aff'd mem., 225 F.3d 650 (3d Cir. 2000). Given the absence of a time is of the essence clause in the lease and NewPenn's tender of payment before any notice of default had been communicated, the brief delay in making payment is not such a breach as to entitled Plaintiffs to cancel the transaction. Therefore, Plaintiffs have not shown that they are entitled to relief. On the contrary, it is clear that Plaintiffs are unable to present a viable claim for rescission of the lease based upon the facts and circumstances of this case. Accordingly, SEPCO's motion to dismiss for failure to state a claim will be granted, and this case will be dismissed, without prejudice.[2]

                                                    s/ Thomas I. Vanaskie
                                                    Thomas I. Vanaskie
                                                    United States District Judge

---

[2] It is, of course, anticipated that SEPCO will timely tender the payment due under the lease, and that Plaintiffs will accept the tender. If SEPCO fails to make tender, then Plaintiffs may seek appropriate relief, including cancellation of the lease.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK SYLVESTER a/k/a Frank J. Sylvester, MILDRED SYLVESTER,
    Plaintiffs

  v.

SOUTHWESTERN ENERGY PRODUCTION COMPANY
    Defendant

3:CV-09-1653
(JUDGE VANASKIE)

ORDER

NOW, THIS 2nd DAY OF NOVEMBER, 2009, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss (Dkt. 4) is GRANTED.

2. This action is DISMISSED, WITHOUT PREJUDICE.

3. The Clerk of Court shall mark this matter CLOSED.

                        s/ Thomas I. Vanaskie
                        Thomas I. Vanaskie
                        United States District Judge